**Leroy ROSS, Petitioner,**

v.

**TEXAS ONE PARTNERSHIP, d/b/a
Ewing Estates Apartments,
Respondent.**

**No. D-0425.**

Supreme Court of Texas.

Jan. 23, 1991.

Brian S. Riepen, Dallas, for petitioner.

A.W. Arnold, III, M. Steve Nagle, for respondent.

PER CURIAM.

This is a summary judgment case. Ross alleged that he was severely injured when he was shot by a security guard patrolling the Ewing Estates Apartments on January 1, 1988. The trial court granted summary judgment to Texas One, a California partnership that owns the apartment complex. The court of appeals affirmed. 796 S.W.2d 206.

Ross' First Amended Petition alleged negligence and gross negligence of the security company and its employee, the guard, as grounds for recovery against Texas One. The court of appeals, finding that the security company was an independent contractor of Texas One, held that Ross could not recover from the apartment owner for the negligence of the security company as a matter of law. The court intimated that Ross might have better sought recovery from Texas One for the intentional torts of the security company, citing *Dupree v. Piggly Wiggly Shop Rite Foods, Inc.*, 542 S.W.2d 882 (Tex.Civ.App. —Corpus Christi 1976, writ ref'd n.r.e.), but refused to infer the allegation of intention-

al torts from the language of Ross' petition.[1] 796 S.W.2d at 213–214. The court of appeals further found that the security work performed in this case did not constitute an inherently dangerous activity, and thus did not qualify for one of the exceptions to the rule that a hiring party is not liable for harms caused by its independent contractor. 796 S.W.2d at 215.

In denying the application for writ of error, we should not be construed as approving or disapproving the analysis of the court of appeals regarding the construction of pleadings or its conclusion with respect to whether the security work was an inherently dangerous activity. Ross' application for writ of error is denied.

---

1. In paragraph II of his petition, Ross alleged that the security guard had "forced Plaintiff at gun point to accompany him to a vacant apartment, ... struck Plaintiff in the head with [a] shotgun, ... and then shot Plaintiff in both legs...." Ross argues that this paragraph may have fairly been read to allege several intentional torts.